IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MAURICE MAXWELL                                                                                   PLAINTIFF

v.                                                                                                    No. 4:04CV168-P-A

CHRISTOPHER EPPS, ET AL.                                                              DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Maurice Maxwell, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The defendants have moved for summary judgment, and the plaintiff has responded to the motion. The matter is ripe for resolution. For the reasons set forth below, the defendants' motion for summary judgment shall be granted, and judgment shall be entered for the defendants.

**Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue

for trial.  *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material.  *Anderson*, 477 U.S. at 249.  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  *Id.*, at 248.  If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented.  *Celotex*, 477 U.S. at 327.  "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992).  The facts are reviewed drawing all reasonable inferences in favor of the non-moving party.  *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995).  However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts."  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998).  In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts."  *Little*, 37 F.3d at 1075 (emphasis omitted).

## Undisputed Material Facts[1]

The plaintiff suffers from glaucoma and a detached retina. He has also had cataract surgery performed on both eyes. He is blind in his left eye, and the vision in his right eye is deteriorating, even with treatment for glaucoma. Doctors had prescribed the plaintiff both eyeglasses and contact lenses – as well as eye drops – to correct the plaintiff's vision and to treat his glaucoma and other eye problems. On August 16, 2003, the plaintiff and another inmate had an altercation that resulted in hot coffee splashing the plaintiff in the eyes. As a result of the altercation, the plaintiff was placed in lockdown in Unit 32 on September 4, 2003. Prior to the plaintiff's placement in lockdown, however, Lt. Lee Simon – a security officer – confiscated the plaintiff's contact lenses. For the purpose of this memorandum opinion and final judgment only, the court shall assume that Lt. Simon also confiscated the plaintiff's eye drops.

A registered nurse examined the plaintiff prior to his placement in lockdown on September 4, 2003. The plaintiff did not produce any proof to Lt. Simon that the plaintiff was permitted to wear contact lenses and have the eye drops; nor did he submit a sick call request to regain his contact lenses or his eye drops during his time on lockdown at Unit 32. The plaintiff even refused an examination of his eyes on September 16, 2003. Medical staff examined the plaintiff on September 23, 2003, ordered him not to wear his contact lenses – and gave the plaintiff more eye drops. He was refitted for contact lenses in October 2003. The plaintiff's vision of 20/200 on the Snellen Chart and 20/65 near vision without glasses would allow him to

---

[1] Medical records of visits to sick call, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995) (citing *Mendoza v. Lynaugh*, 989 F.2d 191, 193-95 (5th Cir. 1993) (applying this rule after a *Spears* hearing).

see well enough to move about his prison cell at Unit 32.

## Denial of Medical Treatment

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id*. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

The facts of this case simply do not rise to the level of deliberate indifference. Lt. Lee Simon was a security officer who had no ability or authority to examine the plaintiff or diagnose his condition. The plaintiff did not allege or prove that he presented Lt. Simon with a medical slip showing that he was using the contact lenses and drops under the orders of a Mississippi Department of Corrections doctor. The plaintiff concedes in his pleadings that such items are normally contraband. Therefore, at most, Lt. Simon's actions manifested negligence, which does not state a claim of deliberate indifference to the plaintiff's serious medical needs under 42 U.S.C. § 1983. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986). Similarly, the plaintiff has not alleged or proven that he requested medical attention during his stay in Unit 32 lockdown. It does not appear that the plaintiff sought assistance from medical personnel to show the staff at Unit 32 that he was required to wear the contact lenses and use the eye drops. Thus, the plaintiff took no action to see to his own medical needs. He even refused examination and treatment of his eyes while in lockdown on September 16, 2003. As such, the court cannot hold the defendants liable for failing to provide contacts and eye drops that the plaintiff did not request.

Thus, as Lt. Lee Simon was, at most, negligent, the plaintiff's claims against her shall be dismissed. Further, as the plaintiff did not submit a medical request form notifying the defendants that he required medical care (the return of his contact lenses and eye drops), the plaintiff's claims against the remaining defendants shall be dismissed. In sum, all of the

plaintiff's claims shall be dismissed with prejudice. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 28th day of September, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE