IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MAURICE MAXWELL                                                              PLAINTIFF

v.                                                                     No. 4:04CV168-P-A

CHRISTOPHER EPPS, ET AL.                                                 DEFENDANTS

## ORDER DENYING THE PLAINTIFF'S
## MOTION FOR RECONSIDERATION

This matter comes before the court on the plaintiff's October 15, 2007, motion for the court to reconsider its September 28, 2007, memorandum opinion and final judgment granting the defendant's motion for summary judgment and entering judgment in favor of the defendant. Corrections Officer Lee Simon was the sole defendant remaining in this case at the time the motion for summary judgment was filed. The court interprets the motion, using the liberal standard for *pro se* litigants set forth in *Haines v. Kerner*, 404 U.S. 519 (1972), as a motion for relief from a judgment or order under FED. R. CIV. P. 60. An order granting relief under Rule 60 must be based upon: (1) clerical mistakes, (2) mistake, inadvertence, surprise, or excusable neglect, (3) newly discovered evidence, (4) fraud or other misconduct of an adverse party, (5) a void judgment, or (6) any other reason justifying relief from the operation of the order. The only justification that could apply to the present case is (6) any other reason justifying relief from the operation of the order. For the reasons set forth below, the plaintiff's motion to reconsider shall be denied.

      The plaintiff set forth the following allegations in his complaint:

On or about the 16th day of August, 2003, I was carried to U/24 Admin. Bldg. for an altercation between myself and another inmate at which time Lt. Lee Simon took my eye medication and contact lense prescribed to me for eye trauma a serious eye condition. Lt. Lee Simon stated these items were contraband and

> non-allowable but yet made no attempt to call U-42 hospital and did not issue me a non-allowable items receipt. I was carried to U-32 lockdown and placed in an isolation cell where I remained for 20 days without eye medication, my eyes matted together and become infected, I suffered constant headaches to the point that I became sick at my stomach, plus I was blind and could not see to move around in my isolation cell, the pain and suffering was caused by the incompetence of then Lt. Lee Simon, who consequently has been broken down to a Co-I the lowest rank within correctional officers due to insubordination, I am a medical class 4 disabled inmate due to my eyes only why I was made to suffer is unknown to me. (See support memorandum) for claims and legal argument.

Based upon these allegations as well as the other pleadings and proof presented in the defendant's motion for summary judgment, the court found in its September 28, 2007, opinion that summary judgment was appropriate and that judgment should be entered for the defendant:

> At most, Lt. Simon's actions manifested negligence, which does not state a claim of deliberate indifference to the plaintiff's serious medical needs under 42 U.S.C. § 1983. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986).

Aggrieved, the plaintiff has moved for the court to reconsider its decision.

Initially, the court notes that the plaintiff has not addressed the court's holding that Lt. Lee Simon's act of confiscating the plaintiff's contact lenses and eye drops was, at most, negligence. Lt. Simon is not a nurse or a doctor or in any way authorized to diagnose or treat the plaintiff's medical conditions. According to the plaintiff's complaint, when the plaintiff told Lt. Simon that his contacts and eye drops had been prescribed by a penitentiary doctor, she replied, "M.D.O.C. does not issue contact lenses and sunglasses." Indeed, such items normally *are* contraband at the Mississippi State Penitentiary. Thus, Lt. Simon was correct regarding regular state issue items, but she was mistaken in her belief that Mississippi Department of Corrections doctors could not prescribe such treatment for the plaintiff. This set of facts supports a claim of negligence only. Finally, Lt. Lee Simon is not responsible for the medical staff's alleged delay in returning the plaintiff's contact lenses and eye drops to him upon his arrival at Unit 32

lockdown. The plaintiff's arguments regarding Lt. Simon's actions are therefore not sufficient to sustain the instant motion for reconsideration.

The plaintiff has set forth several grounds to support the instant motion; however, none of these rationales is sufficient to sustain the motion. First, the plaintiff argues that he is legally blind and cannot litigate without the assistance of several writ-writers who are now beyond his reach. The plaintiff made a similar argument in a motion for appointment of counsel earlier in the case. The case was then dismissed for failure to comply with an order of the court before the court ruled upon the motion for appointment of counsel. It appeared that the plaintiff had not filed a timely witness and exhibit list as ordered by the court. The pending motion for appointment of counsel was terminated at the time the case was dismissed. The plaintiff had, however, submitted a witness and exhibit list and attached it to another pleading. He pointed this fact out to the court in a motion to reconsider the dismissal of his case. The court granted the motion, and the case was placed back on the court's active docket. The motion to appoint counsel was not. The plaintiff did not, however, re-urge the motion or otherwise seek a ruling upon it after the case was reinstated. The court cannot rule upon a motion not pending before it. As such, the plaintiff's claim that the court should have appointed counsel to him in this case is without merit and is thus not sufficient to sustain the current motion to reconsider.

The plaintiff also claims that he told the nurse who examined him prior to his placement in isolation that his contact lenses and eye drops had been confiscated. As such, the plaintiff argues, the nurse should have ensured that the eye drops and contact lenses were either returned to him prior to the move – or that additional drops and lenses were given to him upon his arrival in isolation. Unfortunately for the plaintiff, that nurse is not a party to this suit. These claims must therefore be dismissed as insufficient to sustain the current motion.

In the memorandum opinion and final judgment in favor of the defendants in this case, the court assumed that Corrections Officer Lee Simon had confiscated both the plaintiff's eye drops and his contact lenses. The court noted that the plaintiff did not submit a single sick call request seeking the return of these items during his stay in isolation. In his motion for reconsideration, the plaintiff does not dispute this fact – at least not directly. He argues instead that he should not have been required to submit a sick call request at all because he repeatedly told various nurses who visited him in isolation that he needed contact lenses and eye drops. This argument is not consistent with the longstanding Mississippi Department of Corrections policy – upheld in this court – of requiring inmates to file *written* sick call requests when they seek medical treatment. Penitentiary nurses treat the medical needs of an enormous number of inmates every day. The nurses cannot possibly be expected to remember which inmates – of the many they visit daily in their cells – orally request treatment. The system of written sick call requests, while imperfect, protects both the inmates and the medical staff who treat them. The plaintiff's failure to submit a written request for the return of his contact lenses and eye drops by itself precludes his claim that the nurses in Unit 32 should have provided the lenses and drops to him.

Next, the plaintiff implies (without proof) that he must have submitted at least one sick call request during his stay in isolation because he was treated on September 16, 2003. The plaintiff does not, however, state that he in fact submitted a written sick call request; nor does he produce such a request in response to the defendant's motion for summary judgment. The plaintiff merely *implied* that he was treated despite the lack of a written sick call request form, stating "[T]hey didn't try to get [the plaintiff] help [while] [he] was in 32 lockdown[.] If it [weren't] for the nurse who had [known] [the plaintiff], and [who] let[] Dr. Hubbard [know]

-4-

what happen[ed] at [Unit] 24 and 32" the plaintiff would not have received treatment. Thus, the plaintiff implies that he was treated without submitting a written sick call request because of a nurse who knew of his condition and informed the doctor. The plaintiff's implications are not enough to rebut the evidence presented by the defendant in this case. As such, the plaintiff's request for reconsideration must be denied on this basis.

The plaintiff also takes issue with inconsistencies in the paperwork surrounding his medical treatment and placement in isolation. First, he submits a document entitled "Physician's Orders" dated September 16, 2003, which shows that he was prescribed various medication. The plaintiff also submits a document indicating that the he refused medical treatment at the Unit 42 hospital at the Mississippi State Penitentiary on September 16, 2007. The plaintiff claims that he did not refuse medical treatment and that these documents are inconsistent and thus show a desire for various medical staff members to cover up their delay in treating the plaintiff. Again, none of the people about whom the plaintiff now complains are parties to the instant law suit. As such, these grounds for reconsideration are without merit and must be denied.

In sum, none of the plaintiff's arguments have merit, and the instant motion for reconsideration is hereby **DENIED.**

**SO ORDERED,** this the 4th day of December, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE